17-70-cr
*United States v. Hoskins*

# In the
# United States Court of Appeals
# For the Second Circuit

August Term, 2017

Argued: January 9, 2018
Decided: September 26, 2018

Docket No. 17-70-cr

UNITED STATES OF AMERICA,

*Appellant,*

*v.*

BRIAN HOSKINS,

*Defendant-Appellee.*

Appeal from the United States District Court
for the District of Vermont
No. 11-cr-69-1, Murtha, *Judge.*

Before:     JACOBS, RAGGI, and HALL, *Circuit Judges.*

The Government appeals the district court's decision to grant Defendant-Appellee Brian Hoskins's ("Hoskins") 28 U.S.C. § 2255 motion and resentence him to a lesser term of imprisonment than was initially imposed. Hoskins pled guilty

to one count of knowingly and intentionally distributing cocaine base, a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), and, in accordance with the parties' Rule 11(c)(1)(C) plea agreement, was sentenced to 112 months' imprisonment. Hoskins had two prior convictions, and the 112-month sentence was below the Guidelines range for a career offender but within the Guidelines range for a non-career offender. After Hoskins was sentenced in this case, his conviction on one of those predicate offenses was vacated, which became the basis for his § 2255 motion. We hold that Hoskins has not met his heavy burden of demonstrating a miscarriage of justice, and remand with instructions for the district court to re-impose the original sentence.

VACATED AND REMANDED.

> WILLIAM B. DARROW, Assistant United States Attorney (Gregory L. Waples, *on the brief*), *for* Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, VT.
>
> BARCLAY T. JOHNSON, Assistant Federal Public Defender, Office of the Federal Public Defender District of Vermont, Burlington, VT, *for* Defendant-Appellee.

HALL, *Circuit Judge*:

We are asked to decide whether a defendant asserts a cognizable claim when he seeks to challenge through a 28 U.S.C. § 2255 motion a sentence imposed pursuant to the district court's adoption of the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement where a judgment on a predicate offense that factored into the Guidelines analysis for his sentencing has since been vacated.

Because this defendant has failed to show on the record before us that the original sentence, if allowed to stand, effects a miscarriage of justice, we hold it was error to vacate that sentence in the § 2255 proceedings. The judgment of the district court imposing the reduced sentence in the § 2255 proceedings is thus vacated, and we remand for the district court to reinstate the original sentence.

I.

On May 22, 2012, Defendant-Appellant Brian Hoskins ("Hoskins") pled guilty in accordance with the parties' binding Rule 11(c)(1)(C) plea agreement to one count of knowingly and intentionally distributing cocaine base, a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). The agreement provided for Hoskins to be sentenced to 112 months' imprisonment, five years of supervised release, and assessed a $100.00 penalty.

Hoskins's Presentence Report ("PSR"), the Government's Sentencing Memorandum, and Defendant's Motion for Variance and Sentencing Memorandum all identified the defendant as a "career offender" under the Sentencing Guidelines due to two predicate felony offenses: a 2002 Vermont drug conviction, and a 2003 federal drug conviction.[1] Such a classification raised his

---

[1] United States Sentencing Guideline § 4B1.1(a) defines a "career offender" as a defendant:
(1) aged 18 or older;

Guidelines offense level from 20 to 32. *See* U.S. Sentencing Guidelines Manual §

4B1.1 (2011) ("Guidelines"). As a result, Hoskins's calculated Guidelines range,

with a downward adjustment for acceptance of responsibility, recommended a

prison sentence of 151 to 188 months. The calculated Guidelines range, if Hoskins

were not a career offender, would have been 100 to 125 months.

The parties' Rule 11(c)(1)(C) plea agreement and their sentencing

memoranda urged the district court to adopt the agreement and impose a sentence

of 112 months. At the sentencing hearing in May 2012 the district court found that

Hoskins qualified as a career offender subject to "[e]nhanced penalties" under the

relevant Guidelines provisions. App'x at 76. Nevertheless, after considering the

sentencing factors specified in 18 U.S.C. § 3553(a), the district court accepted the

parties' Rule 11(c)(1)(C) plea agreement and sentenced Hoskins to a below-

Guidelines prison term of 112 months, explaining that "the career offender

category [had] substantially increased his Guidelines range," that the agreed-to

term of 112 months was substantial enough to encourage deterrence, and that the

sentence was thus appropriate. App'x at 77–78. Hoskins did not appeal.

---

(2) facing sentencing for a felony crime of violence or a controlled substance offense; who
(3) has "at least two prior felony convictions of either a crime of violence or a controlled
substance offense."
U.S. Sentencing Guidelines Manual § 4B1.1 (2011).

In May 2013, Hoskins collaterally challenged his 2002 Vermont drug conviction, which was also obtained by guilty plea. In March 2015, the Vermont Superior Court vacated the state conviction, identifying procedural errors in the plea colloquy. *See Hoskins v. Vermont*, No. 574-5-13-Cncv (Vt. Sup. Ct. Mar. 31, 2015).[2] Specifically, it faulted the sentencing court for relying on defense counsel's representation that there was a factual basis for the plea rather than eliciting the relevant facts directly from Hoskins as required by Vermont Rule of Criminal Procedure 11(f). *See id.* at 2.[3]

Hoskins filed this § 2255 motion in December 2015, challenging the federal sentence imposed pursuant to the Rule 11(c)(1)(C) plea agreement. Hoskins

---

[2] The court determined that it had jurisdiction notwithstanding Hoskins's completion of his state prison term because the conviction informed his federal sentence. *See Hoskins*, No. 574-5-13-Cncv at 2.

[3] In short, this is not a case in which a prior conviction was vacated because a defendant was actually innocent of the crime of conviction, the conduct at issue was no longer criminal, or there was reason to question the reliability of inculpatory evidence. *See, e.g.*, *Davis v. United States*, 417 U.S. 333, 346 (1974) (collaterally reviewing conviction where conduct for which defendant was incarcerated was determined to no longer be illegal, determining "no room for doubt that" incarcerating person for "act that the law does not make criminal" "results in a complete miscarriage of justice); *Cuevas v. United States*, 778 F.3d 267, 272 (1st Cir. 2015) (holding, in self-characterized "narrow holding," that defendant could challenge federal conviction under § 2255 in "exceptional" circumstances where state conviction raising defendant's criminal history score triggering mandatory minimum supervised release term was vacated based on history of evidence tampering by chemist who had participated in drug analysis in defendant's case). Thus, we have no reason to consider here how such circumstances might inform a miscarriage-of-justice analysis.

argued that his "sentence was driven by the fact that the Court determined that [he] qualified as a career offender based on his prior federal conviction as well as a Vermont state conviction," a determination rendered invalid by the vacatur of the Vermont conviction. App'x at 83. In other words, Hoskins maintained that because his 2002 Vermont drug conviction was vacated, he was entitled to a reduced sentence, and the continued imposition of the formerly agreed-upon 112-month sentence was a miscarriage of justice.

The Government argued in opposition that Hoskins was not entitled to collateral relief because: (i) he was not serving a "'career offender sentence'—he [was] serving a Rule 11(c)(1)(C) sentence" that he bargained for, in part, to avoid the government's pursuit of additional charges and an enhanced mandatory minimum sentence of ten years; (ii) the 112-month Rule 11(c)(1)(C) sentence did not fall within Hoskins's applicable Guidelines range as a career offender but, rather, fell within the middle of the Guidelines range that would have applied without career offender enhancements; and (iii) Hoskins's motion was untimely because more than a year had elapsed between the time Hoskins was sentenced and when he challenged the 2002 state conviction. App'x at 106.

The motion was referred to Magistrate Judge Conroy, who issued a Report and Recommendation ("the R&R"). The magistrate judge first recommended that Hoskins's § 2255 motion be found timely. Next, the magistrate judge recommended that the district court hold that Hoskins's § 2255 motion raises a cognizable collateral attack on his original sentence, even though Hoskins had entered into a Rule 11(c)(1)(C) plea agreement. The magistrate judge determined that "Hoskins's[] now-vacated state conviction clearly led to a significant enhancement of his sentence." App'x at 286. This conclusion was based on e-mails between counsel during plea negotiations discussing the applicable career offender Guidelines range, the PSR's reliance on the Guidelines' career offender provisions in calculating Hoskins's recommended sentencing range, and the district court's own career offender Guidelines calculations before accepting the parties' Rule 11(c)(1)(C) plea agreement at the 2012 sentencing.

The district court adopted the R&R, concluding that Hoskins's § 2255 motion was timely under § 2254(f)(4), and that his claim was not a general sentencing challenge that must be made on direct appeal. *United States v. Hoskins*, No. 1:11-cr-69-jgm, 2016 WL 4154344 at *1, *3. (D. Vt. Aug. 5, 2016) (Murtha, *J.*). As to the latter point, the district court observed that Hoskins was not complaining of

7

a Guidelines miscalculation at the time of sentencing, which is not cognizable under § 2255. *Id.* at *3. Rather, Hoskins was claiming that his federal sentence was rendered invalid post-conviction by Vermont's vacatur of a state conviction that had been a necessary predicate for his identification as a career offender.

The district court also rejected the Government's argument that Hoskins's sentence was not a Guidelines sentence, but rather a sentence reflective of the parties' Rule 11(c)(1)(C) plea agreement. *Id.* It explained that, in deciding whether to adopt or reject the parties' Rule 11(c)(1)(C) agreement, it had to calculate Hoskins's Guidelines range, and weigh that range among the § 3553(a) factors. Because Hoskins's career offender status informed the Guidelines calculation, that status formed part of the basis for the court's acceptance of the parties' Rule 11(c)(1)(C) plea agreement. *Id.*

The district court held a new sentencing proceeding, calculated Hoskins's applicable Guidelines range without a career offender enhancement as 100 to 125 months, and sentenced him to a below-Guidelines sentence of 86 months' imprisonment, three-years' supervised release, and a $100 special assessment.[4]

---

[4] In imposing this sentence, the district court concluded that Hoskins could withdraw from the Rule 11(c)(1)(C) agreement without withdrawing his guilty plea, relying on *United States v. Hyde*, 520 U.S. 670, 674 (1997), and *United States v. Lopez*, 385 F.3d 245, 251 (2d Cir. 2004). The government conceded this point before the district court, and, thus, we do not address it here.

8

Hoskins has completed his 86-month prison sentence and is currently on supervised release.

## II.

This Court's appellate jurisdiction is not in issue. *United States v. Gordon*, 156 F.3d 376, 378 (2d Cir. 1998). We review the district court's factual findings for clear error and its legal determinations *de novo*. *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007).

## III.

Pursuant to § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence on four grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States, or [(2)] that the court was without jurisdiction to impose such sentence, or [(3)] that the sentence was in excess of the maximum authorized by law, or [(4)] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Hoskins here seeks relief pursuant to the first ground, arguing that his initial sentence violates United States law because, upon vacatur of his 2002 Vermont drug conviction, he cannot be deemed a career offender under Guidelines § 4B1.1(a). Review of such an argument is controlled by Supreme Court precedent holding that "an error of law does not provide a basis for collateral

9

attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citation omitted); *see also Davis v. United States*, 417 U.S. 333, 346 (1974). Further, our own precedent instructs that § 2255 review is "narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation marks omitted).

The Government argues that no "miscarriage of justice" occurred because Hoskins's 112-month sentence was agreed to by the parties pursuant to Rule 11(c)(1)(C) and resulted from negotiations wherein the Government agreed, *inter alia*, not to pursue a superseding indictment adding charges and exposing Hoskins to a mandatory minimum prison sentence of ten years upon conviction. *See* 21 U.S.C. §§ 841(b)(1)(a), 851. Further, the original 112-month sentence cannot be deemed a miscarriage of justice even after the Vermont conviction supporting his career offender status was vacated, because the 112-month sentence fell below the 151 to 188-month career offender Guidelines range and fell within the 100 to 125-month range applicable to Hoskins as a non-career offender.[5]

---

[5] Hoskins responds that the Government failed to argue to the magistrate judge that Hoskins's § 2255 was not cognizable and that such argument has been waived. This argument is based on a

Hoskins asserts that his § 2255 challenge is cognizable because the district court accepted the parties' Rule 11(c)(1)(C) plea agreement only after performing a Guidelines calculation that applied the career offender enhancement. Because that calculation is rendered invalid by the post-sentencing vacatur of a necessary state predicate conviction, that failure to grant him resentencing would be a miscarriage of justice.

## IV.

The district court erred in concluding that, after vacatur of Hoskins's 2002 Vermont conviction, the 112-month sentence entered pursuant to the parties' Rule 11(c)(1)(C) plea agreement constituted a miscarriage of justice. *See Addonizio*, 442 U.S. at 186. Certainly, at the time the district court initially imposed that sentence, applying the career offender enhancement to his Guidelines calculation was not error—constitutional, legal, or jurisdictional. *See Graziano*, 83 F.3d at 589–90. Even if Hoskins could no longer be deemed a career offender after his Vermont conviction was vacated, that does not mean the continued imposition of his 112-

---

piecemeal dissection of the record that we find unpersuasive. In its initial opposition to Hoskins's § 2255 motion, the Government indeed squarely addressed Hoskins's argument "that a defendant has a cognizable § 2255 claim when 'his sentence is enhanced based on a prior conviction that is subsequently vacated.'" App'x at 107.

month sentence was a miscarriage of justice. *See United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (holding that habeas petitioner must show "an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice'" (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962))); *see also United States v. Lucas*, 963 F.2d 8, 12–14 (2d Cir. 1992) (applying miscarriage of justice standard to defendant's § 2255 challenge to his guilty plea). Hoskins fails to hurdle this high bar.[6]

In *Addonizio*, the Supreme Court considered whether a district court's assumption that a defendant would likely benefit from a certain Parole Commission policy and, thus, serve a lesser sentence, when proved wrong by a subsequent change in policy, provided a cognizable basis for collateral attack. 442 U.S. at 185–86. In concluding that it did not, the Supreme Court reiterated that § 2255 "does not encompass all claimed errors in conviction and sentencing." *Id.* at 185. Rather, those instances where an error in conviction or sentencing rise to the level to be a cognizable basis for a collateral attack are reserved for when the "error of fact or law [is] of the 'fundamental' character that renders the entire proceeding irregular and invalid." *Id.* at 186. A "later development" that "did not

---

[6] The burden is on Hoskins to demonstrate miscarriage of justice, and the district court erred in placing it on the government.

12

affect the lawfulness of the judgment itself—then or now," is not enough to vacate the sentence imposed. *Id*. at 186–87.

Applying this reasoning here, we conclude that Hoskins's 112-month sentence, which he bargained for as part of his 11(c)(1)(C) guilty plea, is not rendered a miscarriage of justice by the vacatur of an earlier conviction to which he had also pled guilty. The unique facts of this case lead us to that conclusion.

First, although Hoskins's Guidelines range was enhanced by his identification as a career offender, his Rule 11(c)(1)(C) plea agreement provided for a sentence well below that Guidelines range. The agreement also allowed Hoskins to avoid a superseding indictment and enhanced mandatory minimum sentence of ten years. Together, these circumstances show that, even with a career offender enhancement applied to calculate Hoskins's Guidelines range at 155 to 181 months, in securing agreement to a sentence of 112 months, Hoskins left the bargaining table with a deal that secured him real benefit, hardly indicating a miscarriage of justice.

Second, even though the district court was obliged to calculate and consider Hoskins's Guidelines range before deciding whether to accept the Rule 11(c)(1)(C) agreement, *see generally Peugh v. United States*, 133 S. Ct. 2072 (2013), the range was

advisory, not mandatory.[7] This means that the district judge could not even "presume" that a sentence within the applicable Guidelines range was proper, *see Rita v. United States*, 551 U.S. 338, 351 (2007), rather he had to make an "individualized assessment" of the sentence that best served the purposes identified in 18 U.S.C. § 3553(a), including the obligation to impose sentences "sufficient, but not greater than necessary" to satisfy its stated sentencing purposes. *Gall v. United States*, 552 U.S. 38, 50 & n.6 (2007); *accord United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008). In these circumstances, the vacatur of a state conviction that supported a career offender Guidelines calculation that was *not*

---

[7] Several circuits have concluded that sentences imposed pursuant to advisory Guidelines based on an erroneous or later invalidated career offender determination did not result in a complete miscarriage of justice sufficient to warrant collateral relief. *See United States v. Foote*, 784 F.3d 931, 932, 935, 940 (4th Cir. 2015) (denying § 2255 relief where change in law reduced punishment for state crime supporting career offender designation to less than one year, noting "hesitan[cy] to undermine the judicial system's interest in finality [by] classifying a[n advisory] Sentencing Guidelines error as a fundamental defect"); *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (*en banc*) (holding that erroneous designation of defendant as career offender "is not a fundamental defect that inherently results in a complete miscarriage of justice"); *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013) (holding Guidelines calculation error did not justify collateral relief for post-*Booker* sentences), *opinion supplemented on denial of reh'g*, 724 F.3d 915 (7th Cir. 2013); *cf. United States v. Doe*, 810 F.3d 132, 159 (3d Cir. 2015) (holding erroneous designation as career offender cognizable on collateral review "at least in cases arising under the mandatory Guidelines"). We need not make any categorical conclusion. Rather, we identify the advisory nature of the challenged career offender Guidelines as one factor, among others, that preclude Hoskins from showing that his below Guidelines 112-month sentence is a complete miscarriage of justice.

14

applied is insufficient, by itself, to show that the below-Guidelines 112-month sentence manifests a complete miscarriage of justice.[8]

Third, Hoskins's 112-month sentence falls in the middle of the Guidelines range applicable to him without a career offender enhancement. This makes it particularly difficult for him to show that such a sentence manifests a complete miscarriage of justice. While district courts cannot presume the reasonableness of a Guidelines sentence, on direct appeal we recognize that, in the absence of procedural error, within-Guidelines sentences will rarely be unreasonable. *Rita*, 551 U.S. at 341 (holding that courts of appeal may presume that within-Guidelines sentences are reasonable). The conclusion applies with equal, if not more, force on collateral review where there is the added interest in finality.

In urging otherwise, Hoskins relies on the Supreme Court's decisions in *Johnson v. United States*, 544 U.S. 295 (2005), *Daniels v. United States*, 532 U.S. 374 (2001), and *Custis v. United States*, 511 U.S. 485 (1994). When the Supreme Court stated in *Daniels* and *Custis* that defendants who successfully challenge state court convictions may apply to reopen federal sentences enhanced by those convictions,

---

[8] The "complete miscarriage of justice" standard applicable on § 2255 review is higher than the "significant risk of a higher sentence" standard applicable on direct appeal. *Addonizio*, 442 U.S. at 184 ("It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment.").

at issue was the application of statutory mandatory minimum sentences under the Armed Career Criminal Act. *See Daniels v. United States*, 532 U.S. at 382; *Custis v. United States*, 511 U.S. at 497. While *Johnson* cited *Daniels* and *Custis* to make the same observation in the Guidelines context, the holding in *Johnson* was narrow, addressing timeliness, not cognizability. *See Johnson v. United States*, 544 U.S. at 304; *see also United States v. Foote*, 784 F.3d 931, 936 n.5 (4th Cir. 2015). The *Johnson* petitioner, moreover, was sentenced as a career offender in 1994, under then-mandatory Guidelines. *See Johnson v. United States*, 544 U.S. at 298.

We further note that none of these three cases involved Rule 11(c)(1)(C) sentences that fell below an originally applicable advisory career offender Guidelines range and within the applicable non-career offender Guidelines. Those are the circumstances present here, which preclude Hoskins from showing that his 112-month sentence was fundamentally unfair and a complete miscarriage of justice. Simply put, Hoskins's original sentence remains lawful and is not a miscarriage of justice.

The district court thought it permissible to re-open Hoskins's 112-month sentence on collateral review because it had considered Hoskins's career offender status at the time of sentencing. That reasoning, however, ignores § 2255

jurisprudence, requiring more than a mistake of fact or law to justify collateral relief from a final sentencing judgment. *See Davis*, 417 U.S. at 346. That is especially so here, where Hoskins's challenged 112-month sentence falls in the middle of a corrected non-career offender Guidelines range. Nor is Hoskins's § 2255 motion cognizable because the district court may not have accepted the parties' Rule 11(c)(1)(C) plea agreement had it known that the 2002 Vermont drug conviction would not stand. Although the underlying prosecution and sentencing were before Judge Murtha, frustration of a sentencing judge's subjective intent does not, by itself, render a sentence a miscarriage of justice sufficient to support a cognizable collateral challenge to that sentence. *See Addonizio*, 442 U.S. at 187.

V.

The Supreme Court's recent decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018), warrants no different conclusion. At issue in *Hughes* was the proper interpretation of 18 U.S.C. § 3582(c)(2). That statute authorizes a district court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Supreme Court held that "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court

relied on in imposing the sentence or accepting the agreement." *Hughes*, 138 S. Ct. at 1775.

Although Hoskins like Hughes pled guilty pursuant to a Rule 11(c)(1)(C) agreement, the similarities end there. Hoskins does not seek relief from his original sentence under § 3582(c)(2) but, rather, under § 2255. Whereas § 3582(c)(2) is properly construed to further "uniformity" of post-*Booker* sentencing, *see Hughes*, 138 S. Ct. at 1775 (internal quotation marks omitted), relief under § 2255 is "narrowly limited in order to preserve the finality of criminal sentences," *Graziano*, 83 F.3d at 590 (internal quotation marks omitted). Thus, the determinative question on a § 2255 sentence challenge is not whether the original sentence was based on a Guidelines range that subsequent events rendered inapplicable, but whether maintenance of the sentence in light of those events manifests a complete miscarriage of justice. For the reasons stated, Hoskins fails to satisfy this more demanding standard.

## VI.

We have considered all of Hoskins's remaining arguments and conclude that they are without merit. The district court's 2016 judgment vacating Hoskins's original 112-month sentence and resentencing him to an 86-month prison term is

18

vacated, and the case is remanded for the district court to reinstate the original 112-month sentence of imprisonment.