18-292-pr
*Zayac v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

_____

ANDREW ZAYAC,

> *Petitioner-Appellant*,

v.                                                                                              18-292-pr

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*

_____

| | |
|---|---|
| For Petitioner-Appellant: | ANDREW J. FRISCH, The Law Offices of Andrew J. Frisch, New York, NY. |
| For Respondent-Appellee: | BRIAN P. LEAMING, (Sandra S. Glover, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Andrew Zayac ("Zayac") appeals from an order of the United States District Court for the District of Connecticut, dated January 5, 2018, denying his petition for habeas relief under 28 U.S.C. § 2255. *See* Ruling, No. 16-cv-952 (JCH) (D. Conn. Jan. 5, 2018), ECF No. 21. We note that, although Zayac raised several arguments in his petition before the district court, a different panel of this Court granted Zayac a Certificate of Appealability only as to one question—whether "his trial attorneys rendered ineffective assistance of counsel in failing to inform him of the trial court's comments during a charge conference about [his] request for a jury charge on a duress defense, and to explain to him that, if he testified as to duress, a duress charge might be given." Motion Order, No. 18-292-pr (2d Cir. Apr. 25, 2018), ECF No. 18. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Pursuant to § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence on four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States, or (2) that the court was without jurisdiction to impose such sentence, or (3) that the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack." *United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (internal quotation marks and brackets omitted). Our Court has repeatedly held "that the scope of review on a § 2255 motion should be narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." *Graziano v. United States*, 83 F.3d 587, 590

(2d Cir. 1996) (internal quotation marks omitted). "In appeals under 28 U.S.C. § 2255, this Court reviews factual findings for clear error and questions of law *de novo*." *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007).

The Supreme Court in *Strickland v. Washington* set forth a two-part test for evaluating claims of ineffective assistance of counsel. 466 U.S. 668, 687 (1984). To warrant relief, a petitioner must establish both elements of that test: (1) that counsel's performance "fell below an objective standard of reasonableness"; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694; *see also Weingarten v. United States*, 865 F.3d 48, 52 (2d Cir. 2017). When assessing ineffective assistance claims, a court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. The "ultimate focus of inquiry . . . [is] on the fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696.

This Court has repeatedly held that defense counsel must inform a criminal defendant "of the nature and existence of the right to testify," and that this obligation is a component of effective assistance. *Brown v. Artuz*, 124 F.3d 73, 79 (2d Cir. 1997). Accordingly, "any claim by the defendant that defense counsel has not discharged this responsibility—either by failing to inform the defendant of the right to testify or by overriding the defendant's desire to testify" is evaluated pursuant to *Strickland*'s two-prong test." *Id.* In this case, statements by Zayac himself during trial show that his counsel indeed discharged this aspect of counsel's responsibility: Zayac attested to the fact that he was aware of his right to testify and had discussed the pros and cons of doing so with his lawyers on multiple occasions. Government Appendix ("GA") 300-01. Nevertheless, he asserts that counsel rendered ineffective assistance by not informing him of statements by Judge

3

Hall during a charging conference at which he was not present regarding his testimony and the possibility of a duress instruction, as any observations on the availability of a duress instruction went to "the core of [his] defense and decision to testify." *See* Pet.-App.'s Brief at 32.

Even assuming *arguendo* that Zayac could show that his counsel's performance was objectively unreasonable, we agree with the district court that Zayac failed to demonstrate a reasonable likelihood of a different result. As an initial matter, it bears noting that although Zayac was not present for Judge Hall's comments at the first charge conference, he *was* present two days later when Judge Hall made remarkably similar comments concerning the viability of a duress defense and the potential impact of Zayac's testimony on that inquiry. GA 300 ("I guess we'll have to talk about [whether you] are . . . still asking for the duress charge[.] Well, we won't know until Mr. Zayac testifies or would you ask for one without his testimony?"). Since Zayac had the benefit of those comments before making his decision not to testify, he could not have been prejudiced by counsel's failure to apprise him of Judge Hall's earlier consistent statements. *See Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992). Here, Judge Hall focused on the jury's likely disbelief of Zayac's testimony, which would have constituted his fifth version of the events at issue, concluding that this testimony and a duress instruction would not have created a reasonable probability of a different result. We agree. In addition, this testimony would not have justified a duress instruction in the first place. Zayac asserts that he would have testified that Heriberto Gonzalez ("Gonzalez"), who allegedly forced Zayac to participate in the charged crimes under duress, left Zayac in the car, taking the gun with him, and that Gonzalez was gone from the car for thirty seconds to one minute. Given Zayac's several different accounts of the events of that night, it is far from clear what account might have emerged if Zayac had taken the stand. But even assuming that Zayac would have testified in conformity with his habeas affidavit,

this new testimony would not have altered the conclusion that Zayac had a reasonable opportunity to escape while Gonzalez was away from the car disposing of the victim's body. *See United States v. Zayac*, 765 F.3d 112, 121 (2d Cir. 2014). Accordingly, Zayac would still not have been entitled to a duress instruction, and he was therefor not prejudiced by counsel's alleged failure to apprise him of Judge Hall's statements during the charge conference.

We have considered Zayac's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5