19-540-pr
Hanks v. United States

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
          STEVEN J. MENASHI,
              *Circuit Judges*.

------------------------------------------------------------------

RONELL HANKS,

    *Petitioner-Appellant*,

    v.                           No. 19-540-pr

UNITED STATES OF AMERICA,

    *Respondent-Appellee.*

------------------------------------------------------------------

FOR PETITIONER-APPELLANT:	STEPHEN V. MANNING, Spears Manning & Martini LLC, Hartford, CT.

FOR RESPONDENT-APPELLEE:	RAHUL KALE, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Ronell Hanks appeals from a January 8, 2019 judgment of the United States District Court for the District of Connecticut (Hall, J.) denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In the underlying criminal case, Hanks pleaded guilty to conspiracy to distribute and possess with intent to distribute at least 100 grams of heroin and at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. On appeal, as he did in his § 2255 proceedings before the District Court, Hanks

2

argues that his trial attorney rendered ineffective assistance of counsel. He contends that counsel advised him that proceeding with a suppression hearing instead of pleading guilty would prompt the Government to withdraw a favorable plea offer and file a prior felony information under 21 U.S.C. § 851 premised on a prior Connecticut drug conviction. Hanks claims that counsel mistakenly informed him that the prior state conviction qualified as a § 851 predicate, thus exposing Hanks to a mandatory minimum sentence of twenty years' imprisonment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review the [D]istrict [C]ourt's factual findings for clear error and its legal [conclusions] de novo." United States v. Hoskins, 905 F.3d 97, 102 (2d Cir. 2018). To demonstrate a Sixth Amendment violation, the petitioner bears the burden of establishing (1) that counsel's performance "fell below an objective standard of reasonableness," and (2) that he was actually prejudiced as a result of counsel's error. Strickland v. Washington, 466 U.S. 668, 687–88 (1984). "[T]he defendant can show prejudice by demonstrating a reasonable probability that,

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lee v. United States, 137 S. Ct. 1958, 1965 (2017) (quotation marks omitted).

The District Court denied Hanks's § 2255 motion after conducting an evidentiary hearing in which both Hanks and his counsel testified. Like the District Court, we assume without deciding that Hanks's counsel's performance fell below an objective standard of reasonableness, and we therefore also avoid deciding whether his prior Connecticut felony drug conviction qualified as a § 851 predicate. For substantially the reasons provided by the District Court in its January 8, 2019 ruling, we agree that Hanks did not show that he was prejudiced by his counsel's advice.

As a threshold matter, Hanks contends that the District Court failed to apply the well-established "reasonable probability" standard in determining that he failed to demonstrate prejudice. Id. at 1965. We disagree. Although the District Court used some language that appeared to stray from the reasonable probability standard, it clearly explained and understood that "the petitioner must show that there is a reasonable probability that, but for counsel's errors, he

4

would not have pleaded guilty." Special App'x 11 (quotation marks omitted).

As for the merits of Hanks's challenge, we see no error in the District Court's rejection of Hanks's claim that he would not have pleaded guilty under the August 21, 2014 plea agreement but for trial counsel's purported advice about the § 851 enhancement. See Lee, 137 S. Ct. at 1967. Even after Hanks's counsel is alleged to have provided the advice, counsel, whose testimony the District Court credited, informed the Government that Hanks "remained determined to proceed to trial." Joint App'x 634. And even after the Government asserted its intent to file a prior felony information under § 851 on August 21, 2014, Hanks still declined to plead guilty—and the District Court refused to credit Hanks's explanation that the prospects of a twenty-year minimum had not yet "sunk in." Furthermore, during his plea colloquy, Hanks raised several concerns with the District Court, but did not raise the § 851 enhancement or have any questions about it. We also agree with the District Court that Hanks received several benefits from pleading guilty. The Government agreed to dismiss three counts and to recommend a reduction in Hanks's adjusted offense level for acceptance of responsibility. As trial counsel

5

testified, Hanks's guilty plea also eliminated the possibility of a superseding indictment charging an offense under 18 U.S.C. § 924(c), which could have resulted in a consecutive term of five years' imprisonment. Hanks also failed to cast doubt on what his trial counsel at the evidentiary hearing described as the "overwhelming" Government case against him. Joint App'x 288, 331. These facts support the District Court's conclusion that there was no reasonable probability that Hanks's decision to plead guilty resulted from his counsel's purported advice. See Chhabra v. United States, 720 F.3d 395, 408 (2d Cir. 2014).

On appeal, Hanks separately challenges the District Court's determination that his guilty plea was knowing and voluntary. The District Court issued a certificate of appealability limited to Hanks's claim of ineffective assistance, and a panel of our Court later denied Hanks's motion to expand that certificate of appealability. To the extent that Hanks argues his plea was not knowing and voluntary because of the ineffective assistance of his counsel, his argument is resolved by the analysis above. See United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001) ("To evaluate a claim that a guilty plea was involuntary or unknowing due to ineffective assistance of counsel, we use the familiar

framework established in <u>Strickland</u>.").  To the extent Hanks challenges the validity of his plea on other grounds, his argument exceeds the scope of the certificate of appealability in this case.  Accordingly, we lack jurisdiction to consider that challenge.  <u>See</u> 28 U.S.C. § 2253(c); <u>Smaldone v. Senkowski</u>, 273 F.3d 133, 139 (2d Cir. 2001).

We have considered Hanks's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7