**PRECEDENTIAL**

UNITED STATES COURT OF
APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1865
_____

UNITED STATES OF
AMERICA

v.

OMAR SIERRE FOLK,
　　　　　　　Appellant
_____

On Appeal from the United States
District Court
for the Middle District of
Pennsylvania
(D.C. No. 1-11-cr-00292-001)
District Judge: Honorable John E.
Jones, III
_____

Submitted Under Third Circuit
L.A.R. 34.1(a):
January 14, 2020

Before: HARDIMAN, PORTER,
and PHIPPS,
*Circuit Judges*.

(Filed:　April 3, 2020)
_____

Philip Gelso
LAW OFFICES OF PHILIP GELSO
63 Pierce Street
Kingston, PA 18704

*Counsel for Appellant Omar Sierre Folk*

David J. Freed, United States Attorney
Eric Pfisterer, Deputy Chief, Criminal Division
(Harrisburg)
Michael A. Consiglio
Kate L. Mershimer
OFFICE OF THE UNITED STATES ATTORNEY
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

*Counsel for Appellee United States of America*

_____

OPINION OF THE COURT
_____


PORTER, *Circuit Judge*

Omar Sierre Folk appeals the District Court's order denying his Rule 59(e) motion to alter or amend the judgment denying his motion under 28 U.S.C. § 2255. He argues that the District Court enhanced his sentence based on an incorrect career-offender designation under the advisory Sentencing Guidelines. He also moves to expand his certificate of appealability. Because Folk's claim is not cognizable under 28 U.S.C. § 2255, we will affirm the District Court's order and deny his motion to expand the certificate of appealability.

**I**

Folk was convicted by a federal jury of one count of distribution and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841; two counts of using a firearm to further a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Before sentencing, the Presentence Investigation Report ("PSR") deemed Folk a career offender under U.S.S.G.

2

§ 4B1.1 because he had at least two prior felony convictions for "crimes of violence."[1] As a result, the PSR recommended enhancing Folk's Guidelines range from a sentence between 384 and 465 months' imprisonment to a sentence between 420 months and life imprisonment.

At sentencing, the District Court discussed Folk's four previous convictions with the parties and whether the convictions constituted crimes of violence. The convictions included two robberies in 2001, simple assault in 2003, and terroristic threats in 2003. The District Court adopted the PSR's recommended Guidelines range but sentenced Folk to 264 months' imprisonment—120 months less than the bottom of the unenhanced Guidelines range and 156 months less than the bottom of the enhanced Guidelines range. Folk appealed his conviction, but we affirmed. *See United States v. Folk*, 577 F. App'x 106 (3d Cir. 2014). Importantly, Folk *did not* challenge his sentence or his career-offender designation.

Then, the Federal Public Defender filed a timely § 2255 motion on Folk's behalf. In his § 2255 motion, Folk argued that his career-offender designation was invalid because *Johnson v. United States*, 135 S. Ct. 2551 (2015), rendered § 4B1.2(a) void for vagueness. Folk decided to proceed pro se and filed several motions to amend his § 2255 motion. The District Court ultimately denied Folk's § 2255 motion.

Finally, Folk filed a notice of appeal and a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). We stayed his appeal pending the District Court's resolution of the Rule 59(e) motion. Folk's Rule 59(e) motion argued that his robbery, simple assault, and terroristic threats convictions do not constitute crimes of violence, so the District Court erroneously designated him as a career offender.

---

[1] U.S.S.G. § 4B1.1(a) (2012) provides that "[a] defendant is a career offender if . . . [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense." A "crime of violence" is an offense punishable by more than one year of imprisonment that involves "the use, attempted use, or threatened use of physical force against the person of another," or is an otherwise specified offense. U.S.S.G. § 4B1.2(a) (2012).

3

The District Court denied the motion. Folk then filed an amended notice of appeal.

Folk's certificate of appealability identified two issues for review: (1) whether an erroneous career-offender designation is cognizable under § 2255; and (2) whether he was correctly designated as a career offender.[2]

After we issued the certificate of appealability, Folk moved to expand the certificate of appealability and to supplement his appeal. Folk argued that his conviction for possession of 280 grams of cocaine is invalid under *United States v. Rowe*, 919 F.3d 752, 759 (3d Cir. 2019) (holding that separate acts of distribution of controlled substances are distinct offenses rather than a continuing crime). The motion to expand the certificate of appealability was referred to this panel and remains pending.

## II

The District Court had subject-matter jurisdiction over Folk's § 2255 motion under 28 U.S.C. §§ 1331 and 2255. We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We review legal conclusions de novo and factual findings for clear error. *United States v. Doe*, 810 F.3d 132, 142 (3d Cir. 2015).

## III

The first issue we must address is whether a challenge to an incorrect career-offender designation under the advisory Sentencing Guidelines is cognizable under § 2255. Folk says that it is.[3] We disagree.

---

[2] The parties identified other issues in their briefs on appeal, including an ineffective-assistance-of-counsel claim. But the certificate of appealability designated only two issues for review, and we need not consider uncertified issues. *See* 3d Cir. L.A.R. 22.1(b)–(c); *see also* 28 U.S.C. § 2253(c).

[3] For this analysis, we assume without deciding that the District Court incorrectly designated Folk as a career offender.

## A

Under § 2255, a federal prisoner may move to vacate, set aside, or correct his federal sentence if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the court lacked "jurisdiction to impose" the sentence; (3) the sentence exceeded "the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

The statute's language "is somewhat lacking in precision" but "afford[s] federal prisoners a remedy identical in scope to federal habeas corpus [under 28 U.S.C. § 2254]." *Davis v. United States*, 417 U.S. 333, 343 (1974). The scope of relief does not reach "every asserted error of law." *Id.* at 346. Rather, § 2255 provides relief for jurisdictional and constitutional claims, as well as for certain nonconstitutional claims.

Folk's career-offender Guideline claim does not satisfy the first three bases for § 2255 relief. He does not assert that his sentence violates the Constitution or federal law. Folk does not argue that the District Court lacked jurisdiction to impose the sentence. Nor can he argue that his sentence exceeds the maximum authorized by law because each of his federal convictions permitted a maximum of life imprisonment. *See* 21 U.S.C. § 841(b); 18 U.S.C. § 924(c)(1)(A)(i) (permitting any sentence exceeding five years); 18 U.S.C. § 924(e)(1) (requiring a sentence to exceed 15 years). So, to justify receiving § 2255 relief, Folk's nonconstitutional claim—based on an incorrect career-offender enhancement—must "otherwise subject" his sentence to collateral attack. 28 U.S.C. § 2255(a); *see Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019).

Nonconstitutional claims that otherwise subject a sentence to collateral attack fall between two poles. *See Doe*, 810 F.3d at 155. At one end are plainly cognizable claims, such as a federal prisoner's claims that he is "either actually innocent of his crime" or that his "prior conviction used to enhance his sentence has been vacated[.]" *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (en banc) (referencing *Davis*, 417 U.S. at 346–47 and *Johnson v. United States*, 544 U.S. 295, 303 (2005)); *see also Doe*, 810 F.3d at

155 (citing *Davis*, 417 U.S. at 343). On the other end are plainly noncognizable claims, which include technical procedural violations that do not prejudice a defendant. *See, e.g.*, *Peguero v. United States*, 526 U.S. 23, 27–28 (1999) (holding that a district court's failure to notify a defendant of his right to appeal was not cognizable when the defendant knew of the right and was not prejudiced).

Supreme Court precedent recognizes that § 2255 may remedy a nonconstitutional claim such as a flawed sentence in two circumstances. *See Doe*, 810 F.3d at 155 (noting that *Reed v. Farley*, 512 U.S. 339 (1994), explains how to fill the narrow space "between [the] poles"). First, if a sentencing error resulted in "an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (citation omitted). Second, if a sentencing error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice[.]" *Id.*[4]

**B**

A misapplication of the career-offender Guideline is not an omission inconsistent with the rudimentary demands of fair procedure. Sentencing errors that qualify as "omission[s] inconsistent with" fair procedure include procedural errors that prejudice a defendant. *Doe*, 810 F.3d at 155 (quoting *Reed*, 512 U.S. at 348 (plurality opinion)). Ordinarily, the procedural error is the failure "to give a defendant advice required by the Federal Rules [of Criminal Procedure]." *Peguero*, 526 U.S. at 27–28 (holding that a district court's failure to notify a defendant of his right to appeal was not cognizable when the

---

[4] Relying on the plurality opinion in *Reed v. Farley*, this Court suggested that "aggravating circumstances" amount to a third standalone basis for § 2255 relief for nonconstitutional claims. *See Doe*, 810 F.3d at 155. The Supreme Court has not "expressly adopted [the aggravating circumstances] exception or defined its parameters." *Pethtel v. Ballard*, 617 F.3d 299, 305 (4th Cir. 2010). But we need not resolve that tension here because Folk does not argue that aggravating circumstances exist. Nor would his claim meet the requirements for relief under an aggravating-circumstances theory. *See, e.g.*, *Reed*, 512 U.S. at 357 (Scalia, J. concurring).

defendant knew of the right and was not prejudiced by the failure); *see also Timmreck*, 441 U.S. at 784–85 (declining to find cognizable a procedural error under Federal Rule of Criminal Procedure 11 absent aggravating circumstances); *Hill v. United States*, 368 U.S. 424, 428 (1962) (holding that a district court's failure to notify a defendant of his right to speak at his sentencing did not prejudice him and was not a cognizable claim under § 2255); *cf. Reed*, 512 U.S. at 349–51 (plurality opinion) (holding that, in a § 2254 proceeding, a state court's failure to observe speedy trial requirements was not cognizable when the failure did not prejudice the defendant).

*Peguero*, *Timmreck*, and *Hill* each involved a district court's failure to notify a defendant of certain rights under the Federal Rules of Criminal Procedure. *Reed* involved a district court's failure to follow certain procedural timing rules. Folk does not complain that the District Court failed to notify him of his rights under the Federal Rules of Criminal Procedure. Nor does he assert any other procedural error. His case is therefore not analogous to *Peguero*, *Hill*, and *Timmreck*, which recognized that a prejudicial procedural violation may be cognizable under § 2255.[5]

In *Doe*, a panel of this Court held that a misapplication of the career-offender designation under the *mandatory* Guidelines was cognizable. *Doe*'s holding relied, in part, on *Peguero*. This Court said that "the incorrect computation of a mandatory Guidelines range" based on an erroneous career-offender designation "is at least as serious as the error

---

[5] A miscalculation of a Guidelines range is a procedural error. *See, e.g.*, *Gall v. United States*, 552 U.S. 38, 51 (2007). The District Court's designation of Folk as a career offender—a substantive decision—increased Folk's Guidelines range. *See, e.g.*, *Doe*, 810 F.3d at 159 (noting that a "substantive error"—like a career-offender designation—results in "more time in prison"); *see also Narvaez v. United States*, 674 F.3d 621, 627 n.11 (7th Cir. 2011) ("The misapplication of the career-offender status—which increased Mr. Narvaez's sentencing range—is certainly a substantive error."); *United States v. Jayyousi*, 657 F.3d 1085, 1116–17 (11th Cir. 2011) (noting that a sentence was substantively unreasonable because it failed to account for a defendant's career-offender status).

discussed in *Peguero* and thus should also be cognizable [when] the mistake prejudices the defendant." *Doe*, 810 F.3d at 159.

Doe involved a substantive error. *Peguero* (and its predecessor cases at the Supreme Court) involved *procedural* errors that potentially caused prejudice. *Doe* thus blended the two avenues of § 2255 relief. Relying on *Doe*, Folk argues that the District Court's allegedly erroneous career-offender designation prejudiced him. For example, Folk parrots *Doe* and argues that the alleged "*substantive* error, like more time in prison, is doubtless more serious than *procedural* error, like failure by the [sic] court to advise someone of appellate rights[.]" Appellant's Reply Br. 3 (quoting *Doe*, 810 F.3d at 159).

But the Supreme Court has never conducted a prejudice inquiry when deciding whether a substantive nonconstitutional error—rather than a procedural error—is cognizable under § 2255. We decline Folk's invitation to do so here.[6] Because Folk does not complain of a prejudicial *procedural* error, his claim is not cognizable under § 2255 as "an omission

---

[6] Even if we analyzed the prejudice to Folk as *Doe* suggested, Folk still would not prevail. Folk notes that the career-offender designation increased his advisory Guidelines range by one level. His resulting range was 420 months to life imprisonment. Without the increase, his Guidelines range would have been 384 to 465 months' imprisonment. He argues that he therefore "suffered prejudice because he was sentenced under an incorrect Guidelines range regardless of whether the ultimate sentence falls within the correct Guideline[s] range upon remand." Appellant's Reply Br. 4. But the District Court sentenced Folk to 264 months' imprisonment—*ten years* below the bottom end of the Guidelines range *without* the career-offender enhancement. Folk is hard pressed to show that his below-the-Guidelines-range sentence constitutes a complete miscarriage of justice. *See, e.g.*, *United States v. Hoskins*, 905 F.3d 97, 104–05 (2d Cir. 2018) (finding that a federal prisoner lacked a cognizable § 2255 claim for his within-Guidelines sentence).

inconsistent with the rudimentary demands of fair procedure." *Reed*, 512 U.S. at 348 (plurality opinion).

## C

In *Doe*, we held that an incorrect career-offender designation under the *mandatory* Guidelines is a fundamental defect inherently resulting in a complete miscarriage of justice cognizable under § 2255. *See* 810 F.3d at 160. But *United States v. Booker*, 543 U.S. 220, 246 (2005), made the Guidelines advisory. We have not yet addressed whether an incorrect career-offender designation under the *advisory* Guidelines is cognizable under § 2255.

Nearly every other circuit court of appeals has held or suggested that such a claim is not cognizable.[7] Today, we join

---

[7] *See Snider*, 908 F.3d at 189 (holding that the defendant's nonconstitutional "challenge to his advisory guidelines range suffers from a great defect: it is not cognizable under § 2255"); *United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015) (same); *Spencer*, 773 F.3d at 1144 (en banc) (same); *Hawkins v. United States*, 706 F.3d 820, 823–24 (7th Cir. 2013), *opinion supplemented on denial of reh'g*, 724 F.3d 915 (same); *Sun Bear v. United States*, 644 F.3d 700, 704–05 (8th Cir. 2011) (en banc) (holding that because applying the career-offender Guideline is an ordinary question of Guidelines interpretation, the error is not a fundamental defect resulting in a complete miscarriage of justice and is not cognizable under § 2255).
The Fifth Circuit has held that "[§] 2255 motions may raise *only* constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (emphasis added) (citations omitted). Because "[m]isapplications of the Sentencing Guidelines fall into neither category . . . [they] are not cognizable in § 2255 motions." *Id.* Because of this blanket prohibition, the Fifth Circuit has not expansively delineated the rule, unlike other circuits.
The Second Circuit avoided drawing a "categorical conclusion," but identified "the advisory nature of the challenged career offender Guidelines as one factor, among others," that

our sister circuits and hold that an incorrect career-offender enhancement under the advisory guidelines is not cognizable under § 2255 because it is not a fundamental defect that inherently results in a complete miscarriage of justice.

Our conclusion is buttressed by four rationales: (1) the lawfulness of a sentence within the statutory limit; (2) the advisory nature of the Guidelines; (3) an interest in finality; and (4) a concern about workable standards.

**1**

Even when based on an incorrect advisory career-offender enhancement, a sentence within the statutory maximum is lawful. *See Spencer*, 773 F.3d at 1138 (noting that a sentence is lawful if it is "less than the statutory maximum sentence prescribed by Congress" (citing *United States v. Addonizio*, 442 U.S. 178, 186–87 (1979)); *cf. United States v. Payano*, 930 F.3d 186, 193 (3d Cir. 2019) (explaining that statutory ranges "set the floor and the ceiling within which a district court must sentence, thereby . . . limit[ing] the extent to which a district court may permissibly stray from the Guidelines range" (citations omitted)). And a lawful sentence is not a complete miscarriage of justice. *See Addonizio*, 442 U.S. at 186–87. So an incorrect career-offender designation that results in a sentence within the statutory maximum is not a fundamental defect inherently resulting in a complete miscarriage of justice and cannot be cognizable under § 2255.

District courts possess "broad discretion in imposing a sentence within a statutory range." *Booker*, 543 U.S. at 233. When sentencing defendants, district courts must consider the factors in 18 U.S.C. § 3553(a), which includes the kinds of

---

precludes showing that a below- or within-Guidelines sentence is a "complete miscarriage of justice." *Hoskins*, 905 F.3d at 104 n.7. The First Circuit avoided the issue entirely by deciding a case on alternative grounds. *See Cuevas v. United States*, 778 F.3d 267, 272 (1st Cir. 2015) (declining to address "the cognizability of a claim, like the one at issue in [Folk's case], that the sentencing court legally erred in applying the Guidelines").

sentences and the sentencing range suggested for certain violations. *See* 18 U.S.C. § 3553(a)(4).

So long as a district court considers the § 3553(a) factors and imposes a sentence within the statutory limits for an offense, the criminal proceeding will not be "infected with any error of fact or law of the 'fundamental' character." *See Addonizio*, 442 U.S. at 186. Such a sentence is lawful and cannot be a complete miscarriage of justice.

Even if a sentencing error affects "the way in which the [sentencing] court's judgment and sentence [will] be performed," it does not "affect the lawfulness of the judgment itself—then or now." *Foote*, 784 F.3d at 937 (quoting *Addonizio*, 442 U.S. at 187); *see also Hawkins*, 706 F.3d at 821–22, 824, *opinion supplemented on denial of reh'g*, 724 F.3d 915 (noting that a "sentence that is well below the ceiling imposed by Congress" is not a complete miscarriage of justice *even if* the imposed sentence were "far above the [G]uidelines range that would have been applicable had the career offender guideline not been in play").

For example, in *Addonizio*, the district court sentenced the defendant under the belief that the defendant would be eligible for parole after serving one-third of his sentence. 442 U.S. at 186. After the defendant was sentenced, the parole commission changed its rules, which subjected the defendant to more time in prison before he would be eligible for parole. The district court's incorrect assumption did not infect the proceeding "with any error of fact or law of the 'fundamental' character" and did not merit § 2255 relief. *Id.*

Based on *Addonizio*, other circuit courts have concluded that a sentencing error is not a fundamental defect requiring § 2255 relief when a prisoner is sentenced below the statutory maximum. *See Foote*, 784 F.3d at 937; *see also Spencer*, 773 F.3d at 1138 (citing *Addonizio*, 442 U.S. at 186–87) (noting that a sentence "less than the statutory maximum sentence prescribed by Congress" is lawful, and thus not a fundamental defect); *Hawkins*, 706 F.3d at 822, 824; *Sun Bear*, 644 F.3d at 705; *cf. Snider*, 908 F.3d at 191 (citing *Addonizio*, 442 U.S. at 187) (noting that the defendant's corrected sentence would fall within the same Guidelines range). We agree.

11

Because the Guidelines are advisory and merely one factor considered within a sentencing court's discretion, an incorrect career-offender enhancement is not a fundamental defect inherently resulting in a complete miscarriage of justice.

First, oddities may arise if a court "declare[s] that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which" a defendant could receive the same sentence "under an *advisory* Guidelines scheme requiring individualized analysis of the sentencing factors set forth in . . . § 3553(a)." *Foote*, 784 F.3d at 941. Even if a court provided § 2255 relief for an erroneous career-offender designation, "the district court could [still] impose the same sentence again." *Spencer*, 773 F.3d at 1140 (collecting cases); *see also Sun Bear*, 644 F.3d at 705 (noting that the same sentence could be reimposed); *Hawkins*, 706 F.3d at 824–25 (acknowledging that the district court might have imposed a lower sentence but did not have to do so).

Second, the advisory Guidelines merely inform "the exercise of a [sentencing] court's discretion in choosing an appropriate sentence within the statutory range." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). It is true that the advisory Guidelines are the "starting point and the initial benchmark for sentencing." *Id.* at 894 (quoting *Gall*, 552 U.S. at 49 (internal quotation marks omitted)). But "the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. "[A] sentencing court may no longer rely exclusively on the Guidelines range; rather, the court must make an individualized assessment based on the facts presented and the other statutory factors." *Id.* at 894 (quoting *Gall*, 552 U.S. at 49 (internal quotation marks omitted)).

Holding otherwise would transform the "advisory" Guidelines into more than a discretionary guide and undermine *Booker*. The Guidelines lack legal force and are not "tantamount to the laws of Congress" because they are *advisory* and therefore not binding on a district court. *Spencer*, 773 F.3d at 1142 (citing *Mistretta v. United States*, 488 U.S. 361, 395 (1989)); *see also Pepper v. United States*, 562 U.S. 476, 501 (2011) (noting that "a district court may in appropriate cases impose a non-Guidelines sentence based on

a disagreement with the [Sentencing] Commission's views"). So, a Guidelines error is not a fundamental defect like a "violation of a statute or constitutional provision" and does not inherently result in a complete miscarriage of justice. *See Foote*, 784 F.3d at 942.

**3**

An interest in finality cautions against finding that an erroneous career-offender enhancement is a fundamental defect inherently resulting in a complete miscarriage of justice. Section 2255 does not provide relief for "every asserted error of law." *Davis*, 417 U.S. at 346. It strikes a balance "between the interest in finality and the injustice of a possibly mistaken sentence," such as one imposed after an incorrect career-offender designation. *Hawkins*, 706 F.3d at 825. Allowing collateral challenges based on sentencing errors under the advisory Guidelines "would deal a wide-ranging blow to the judicial system's interest in finality." *Foote*, 784 F.3d at 943 (citing *Addonizio*, 442 U.S. at 184). Given a district court's discretion and the advisory nature of the Guidelines, an incorrect career-offender designation is not the type of defect that supports undermining finality. *See Spencer*, 773 F.3d at 1144; *Foote*, 784 F.3d at 943.

**4**

There is no manageable limit to the types of sentencing errors that would be cognizable under § 2255 if an incorrect career-offender enhancement were found to be cognizable. "[I]t is hard to fathom what the dividing line would be between a fundamental defect and mere error" when applying the advisory Guidelines. *Foote*, 784 F.3d at 943. Courts may struggle "to catalog the subset of miscalculations of advisory [G]uidelines that are miscarriages of justice that can be corrected in [federal] postconviction proceedings." *Hawkins*, 706 F.3d at 825.

Perhaps we could establish a rule that an incorrect career-offender enhancement qualifies for § 2255 relief because it is more serious than other sentencing errors. After all, the miscalculation increases the Guidelines range. But nearly all Guidelines errors will affect the range. *See Spencer*, 773 F.3d at 1142 (citation omitted). On one hand, limiting

§ 2255 relief only to misapplications of the career-offender designation would be underinclusive. *See Foote*, 784 F.3d at 943. But, if *any* sentencing error is cognizable on collateral review, then the rule would be overinclusive and disrupt finality. *Id.*; *see also Hawkins*, 706 F.3d at 825 (noting that the defendant's argument requires "all [sentencing] errors (except, presumably, harmless ones) [to be] miscarriages of justice"). The breadth of such a rule would make the limited relief offered by § 2255 a boundless opportunity for criminal defendants to re-challenge their sentences.

## D

Folk argues that this Court's decision in *Doe* and Supreme Court opinions discussing the advisory Guidelines require a different outcome. We disagree.

In *Doe*, we held that an erroneous career-offender designation under the *mandatory* Guidelines is cognizable under § 2255. 810 F.3d at 160. We reasoned that the "misclassification of the defendant as a career offender [was] at least as serious as the error discussed in *Peguero*" and "should also be cognizable [when] the mistake prejudices the defendant." *Id.* at 159. When discussing prejudice to the defendant, *Doe* noted that the career-offender status applies to "a subgroup of defendants . . . that traditionally has been treated very differently from other offenders." *Id.* (internal quotation mark and citation omitted). *Doe* then concluded that the "misapplication of the mandatory career-offender Guideline, when such a misapplication prejudices the [d]efendant, results in a sentence substantively not authorized by law and is therefore subject to attack on collateral review." *Id.* at 160.

To reach the conclusion, this Court noted that "sentencing decisions are anchored by the Guidelines" and even the advisory Guidelines "exert controlling influence on the sentence that the [sentencing] court will impose." *Id.* (quoting *Peugh v. United States*, 569 U.S. 530, 541, 545 (2013)). We emphasized that the mandatory Guidelines carry "even greater force." *Id.* (citing *Booker*, 543 U.S. at 234). *Doe* also rejected the suggestion that a sentence within a statutory limit that violates the mandatory Guidelines is lawful and thus

cannot be challenged under § 2255. *Id.* We stated that *Peugh* and *Booker* rendered this conclusion "implausible." *Id.*

Folk adopts *Doe*'s approach and relies on *Peugh* and *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), to argue that *Doe*'s holding applies to the advisory Guidelines. Folk emphasizes that *Doe* looked to "the actual world of sentencing." *Doe*, 810 F.3d at 160. He argues that "the determinative role the advisory Guidelines continue to hold at federal sentencing, which is *de facto* similar to the role held by the mandatory Guidelines" requires us to apply *Doe* here. Appellant's Br. 48. Folk's argument is incorrect for several reasons.

First, *Doe*'s narrow holding specifically did not extend to the advisory Guidelines. *See* 810 F.3d at 160 ("Our holding is narrow, and we do not consider challenges to the advisory Guidelines[.]").

Second, the advisory Guidelines do not have "the force and effect of laws." *See Booker*, 543 U.S. at 234. They are but one factor among many statutory factors that a district court considers when exercising its discretion at sentencing. So a district court may have multiple possible rationales supporting a sentence. *See United States v. Evans*, 526 F.3d 155, 165 (4th Cir. 2008). A sentencing court is free to deviate from a Guidelines range within its discretion and after consideration of the mandatory factors in § 3553(a). Indeed, the District Court sentenced Folk to a term of imprisonment ten years below the bottom end of the Guidelines range without the career-offender enhancement.

What's more, a sentencing court cannot presume the reasonableness of a within-Guidelines sentence. *See Nelson v. United States*, 555 U.S. 350, 352 (2009) ("The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." (emphasis in original)). In sum, the Guidelines are a "system of guided discretion" that advises sentencing courts in "choos[ing] a sentence within [the] *statutory limits*." *Beckles*, 137 S. Ct. at 894–95 (emphasis added).

Third, Folk's reliance on *Peugh* and *Molina-Martinez* is misplaced. Both cases involved direct appeals and not

postconviction collateral attacks. *See Spencer*, 773 F.3d at 1144 (discussing *Peugh*'s differences); *see also Molina-Martinez*, 136 S. Ct. at 1341. The standards employed in both cases were "far less demanding than the standard" Folk "must satisfy: that an error in the application of [the] advisory [G]uidelines 'inherently results in a complete miscarriage of justice.'" *See Spencer*, 773 F.3d at 1144 quoting *Hill*, 368 U.S. at 428). In *Peugh*, the petitioner had to show that "a change in law create[d] a significant risk of a higher sentence." *Hawkins*, 724 F.3d at 917 (internal quotation marks omitted) (quoting *Peugh*, 569 U.S. at 550). And in *Molina-Martinez*, the petitioner had to demonstrate error creating a "reasonable probability of a different outcome." 136 S. Ct. at 1346. Finally, *Peugh* involved a constitutional error—a violation of the Ex Post Facto Clause. 569 U.S. at 538–39. Thus, the constitutional error—and not a nonconstitutional error misapplying a Sentencing Guideline—"invalidated the sentence." *Hawkins*, 724 F.3d at 916 (discussing *Peugh*).

*Molina-Martinez* established a mere "rebuttable presumption of prejudice" on direct appeal when a sentencing court miscalculates a Guidelines range, *see Payano*, 930 F.3d at 193, which suggests that the error does not inherently result in a complete miscarriage of justice.

Essentially, Folk contends that *perhaps* the District Court would impose an even lower sentence on remand. And because that possibility exists, Folk asserts that he is prejudiced and the incorrect career-offender designation is a fundamental defect inherently resulting in a complete miscarriage of justice. But it is also possible that, after further review of the § 3553(a) factors, the District Court would resentence Folk to the same sentence—or perhaps a higher one. We will not speculate about how a district court *might* resentence a criminal defendant were we to grant collateral relief. Even if one hypothetical judge might lower a sentence upon remand, another judge may not. And the theoretical possibility of a lower sentence does not demonstrate the type of prejudice necessary to show that the criminal defendant's current sentence rests on a fundamental defect inherently resulting in a complete miscarriage of justice. *Cf. Foote*, 784 F.3d at 942; *Spencer*, 773 F.3d at 1142–43; *Hawkins*, 724 F.3d at 917; *Sun Bear*, 644 F.3d at 706.

16

\* \* \*

In sum, we hold that a nonconstitutional claim based on an incorrect career-offender enhancement under the advisory Guidelines is not cognizable under § 2255. Because Folk's career-offender claim is not cognizable, we need not address whether his previous convictions are "crimes of violence" under the career-offender Guideline.

**IV**

Folk has moved to expand the certificate of appealability to include his argument under our decision in *Rowe*, 919 F.3d 752. To resolve the motion, we must decide whether (a) Folk's motion to expand the certificate of appealability is properly construed as a motion to amend his § 2255 motion or as a second or successive habeas motion,[8] and (b) Folk's motion survives the resulting standard. Based on our precedent, Folk's motion to expand the certificate of appealability is a second or successive habeas motion. We also conclude that it fails to satisfy § 2255's standard for second or successive habeas motions. So we will deny Folk's motion to expand the certificate of appealability.

**A**

If a federal prisoner "has expended the 'one full opportunity to seek collateral review'" that § 2255 affords him, then a later-filed motion to expand the scope of his § 2255 motion is a second or successive motion. *Santarelli*, 929 F.3d at 105 (quoting *Blystone v. Horn*, 664 F.3d 397, 413 (3d Cir. 2011)). A federal prisoner has expended his opportunity for collateral review if he "has exhausted all of [his] appellate remedies with respect to [his] initial habeas petition." *Id.* But if a federal prisoner's first § 2255 motion has not been resolved, then a motion to expand the scope of his § 2255 motion is a motion to amend. *Id.* at 105–06.

---

[8] Even though Folk filed his motion to expand the certificate of appealability with this Court, we may still find that it is a motion to amend. *See, e.g.*, *United States v. Santarelli*, 929 F.3d 95, 106 (3d Cir. 2019) (construing a petition filed with this Court during an appeal as a motion to amend).

17

Thus, whether Folk's motion to expand the certificate of appealability is a motion to amend or a second or successive § 2255 motion depends on whether his incorrect career-offender enhancement claims is cognizable. *See id.* It is not, so Folk's motion to expand the certificate of appealability is a second or successive habeas petition because Folk has "expended the 'one full opportunity to seek collateral review'" that § 2255 affords him. *See id.* (quoting *Blystone*, 664 F.3d at 413).[9]

**B**

Having determined that Folk's motion to expand the certificate of appealability is a second or successive § 2255 motion, we must now decide whether to certify it. We must certify a federal prisoner's second or successive § 2255 motion if the motion contains: (1) "newly discovered evidence … sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2).

Folk's motion to expand the certificate of appealability presents neither newly discovered evidence nor a new rule of constitutional law, so we will not certify Folk's motion as a second or successive § 2255 motion. As Folk concedes, "*Rowe* . . . is not 'new evidence.'" *See* Appellant's Reply to Gov't's Resp. to Mot. By Appellant to Expand the Certificate of Appealability and Permit Suppl. Briefing 5 n.3 (June 18, 2019). So he fails to satisfy § 2255(h)'s first prong. And *Rowe* was a decision of this Court—and not the Supreme Court—so Folk does not satisfy § 2255(h)'s second prong. Accordingly, we will deny his motion.

**V**

Today we join every other circuit court of appeals in deciding that an incorrect career-offender enhancement under

---

[9] If we had decided to vacate or reverse the District Court, "the district court would again be vested with jurisdiction to consider" the motion to expand the certificate of appealability as a motion to amend. *Santarelli*, 929 F.3d at 106.

the advisory Guidelines does not present a cognizable claim under 28 U.S.C. § 2255. Thus, we will affirm the District Court's order denying Folk's § 2255 motion. We will also deny Folk's motion to expand the certificate of appealability because he does not satisfy the standard for a second or successive § 2255 motion.