**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2625
_____

HECTOR VALENTINE,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:19-cv-00914)
District Judge: Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2020
Before: SHWARTZ, RESTREPO and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 23, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Federal prisoner Hector Valentine appeals pro se from the order of the United States District Court for the Middle District of Pennsylvania ("the MDPA") dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we will affirm that decision.

I.

A criminal defendant qualifies as a "career offender" under the United States Sentencing Guidelines if, inter alia, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a); see U.S.S.G. § 4B1.2 (defining "crime of violence" and "controlled substance offense").  In 2012, Valentine pleaded guilty in the United States District Court for the Southern District of New York ("the SDNY") to conspiracy to distribute cocaine base.  His written plea agreement acknowledged that he qualified as a career offender, and it indicated that he had *three* prior convictions (all of which were New York state court convictions) that qualified as career-offender predicates.  In light of his career-offender designation, and after accounting for a three-level reduction to his offense level based on his acceptance of responsibility and timely notifying the Government of his intent to plead guilty, the parties agreed that his advisory Guidelines range was 262 to 327 months in prison.[1]  His

_____

[1] The parties agreed that the version of the Guidelines in effect as of November 1, 2011, applied to this case.  The range of 262 to 327 months was based on an offense level of 34

2

plea agreement also included a provision waiving his right to challenge, on either direct appeal or collateral review — including in a proceeding brought pursuant to 28 U.S.C. § 2255 or § 2241 — his sentence if it fell within or below that range.

The SDNY ultimately imposed a below-Guidelines prison sentence of 210 months. Despite the waiver provision in the plea agreement, Valentine filed a direct appeal and, later, a § 2255 motion. In 2013, the United States Court of Appeals for the Second Circuit enforced the waiver provision and dismissed Valentine's direct appeal to the extent that he challenged his prison sentence.[2] In 2015, the SDNY denied Valentine's § 2255 motion, concluding that the waiver provision was enforceable and that, in any event, his claims lacked merit.[3]

In 2018, Valentine filed a two-part document in the SDNY. The first part was titled "Petitioner's File a Motion to Reconsider Amendment 782 Under 18 U.S.C. [§] 3582(c)(2) in Light of Recent Decision from Second Circuit Court of Appeals,"[4] and

_____

and a criminal history category of VI. See U.S.S.G. ch. 5, pt. A (Nov. 1, 2011) (sentencing table).

[2] To the extent that Valentine's direct appeal raised issues that were not covered by the waiver provision, the Second Circuit summarily affirmed the SDNY's judgment.

[3] Valentine appealed from the SDNY's denial of § 2255 relief, but the Second Circuit dismissed that appeal because he failed to move for a certificate of appealability ("COA").

[4] Valentine had previously filed a § 3582(c)(2) motion, arguing that he was entitled to a sentence reduction in view of Amendment 782 to the Guidelines, "which retroactively reduced by two levels the base offense levels assigned to many drug quantities in the Drug Guidelines." United States v. Thompson, 825 F.3d 198, 202 (3d Cir. 2016). The

the second part was titled "Motion to File a 28 U.S.C. [§] 2241 Under Savings Clause in Light of 28 U.S.C. [§] 2255(e)." The latter part argued that (1) Valentine is actually innocent of the offense to which he pleaded guilty because the Government's evidence was insufficient, and (2) in light of intervening decisions from the United States Supreme Court and the Second Circuit, he no longer qualifies as a career offender. The SDNY treated this filing as an application for leave to file a second or successive § 2255 motion and transferred it to the Second Circuit. In May 2019, the Second Circuit denied the application, but it transferred Valentine's case to the MDPA — the court for the federal district in which he was confined — to the extent that he sought relief under § 2241. See Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004) (indicating that a § 2241 petition should be filed in the district of confinement). After the transfer, the MDPA, on July 2, 2019, dismissed Valentine's § 2241 petition, concluding that he could not proceed under § 2241 because his claims do not fall within the ambit of § 2255's savings clause. This timely appeal followed.

---

SDNY denied that motion, concluding that a reduction was not warranted because that amendment did not affect his career-offender sentence. He appealed from that decision, but the Second Circuit dismissed his appeal based on his failure to file a brief.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[5] In reviewing the MDPA's order dismissing Valentine's habeas petition, we exercise plenary review over the MDPA's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may affirm that order on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

A § 2255 motion is the presumptive means by which a federal prisoner can collaterally attack the legality of his conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner may challenge the legality of his conviction or sentence via a § 2241 petition only if he establishes that a § 2255 motion would be "inadequate or ineffective." See 28 U.S.C. § 2255(e); Cradle, 290 F.3d at 538. For a case to fall within the "inadequate or ineffective" exception, two conditions must be met. See Cordaro v. United States, 933 F.3d 232, 239 (3d Cir. 2019). "First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision and our own precedent construing an intervening Supreme Court decision

---

[5] Valentine does not need a COA to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

5

. . . ." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (internal quotation marks omitted). "[S]econd, the prisoner must be otherwise barred from challenging the legality of the conviction under § 2255." Id. (internal quotation marks omitted).

We agree with the MDPA that, although Valentine claims that he is actually innocent of the offense to which he pleaded guilty, he cannot seek relief under § 2241 on that basis because "he does not assert that his conduct has 'been rendered non-criminal by an intervening Supreme Court decision.'" (Dist. Ct. Order entered July 2, 2019, at 5 (quoting Bruce, 868 F.3d at 180).) We devote the remainder of this opinion to his claim challenging his career-offender designation. Assuming without deciding that this sentencing claim is cognizable under § 2241, we conclude that this claim is barred by the waiver provision in Valentine's plea agreement.[6]

As discussed above, Valentine's plea agreement waived his right to challenge his sentence on either direct appeal or collateral review (including in a proceeding brought pursuant to § 2255 or § 2241), so long as he was sentenced within or below the 262-to-327-month range (which, of course, he was). Accordingly, that waiver provision clearly

_____

[6] After this appeal was fully briefed, this Court held "that an incorrect career-offender enhancement under the advisory guidelines is not cognizable under § 2255." United States v. Folk, 954 F.3d 597, 604 (3d Cir. 2020). In view of our conclusion that Valentine has waived the career-offender claim that is now before us, we need not reach the question whether our decision in Folk would preclude him from obtaining § 2241 relief on this claim.

covers the sentencing claim now before us.  The question that remains is whether we should enforce that waiver.  A criminal defendant's waiver of his appellate and collateral-challenge rights is not enforceable unless it was made knowingly and voluntarily.  See, e.g., United States v. Fazio, 795 F.3d 421, 425 (3d Cir. 2015); Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam).  Furthermore, we will not enforce a waiver if doing so would work a miscarriage of justice.  See Fazio, 795 F.3d at 425.

In Valentine's case, the Second Circuit effectively concluded that his waiver of his right to challenge his sentence on direct appeal was knowing and voluntary, and the SDNY reached the same conclusion with respect to his waiver of his right to collaterally challenge his sentence under § 2255.  We see no reason to reach a different result with respect to his waiver of his right to collaterally challenge his sentence under § 2241.  And we conclude that enforcing the waiver here would not work a miscarriage of justice.  If Valentine had gone to trial and been convicted, he would not have received the aforementioned three-level reduction to his offense level, and it appears that his advisory Guidelines range would have been 360 months to life instead of 262 to 327 months.  See U.S.S.G. ch. 5, pt. A (Nov. 1, 2011) (sentencing table).  Accordingly, by choosing to plead guilty, he received a substantial benefit.  Even if we were to assume for the sake of argument that subsequent decisions from the Supreme Court and/or the Second Circuit might call into question whether he would still have at least two qualifying career-offender predicate convictions if he were sentenced now, those post-sentencing

7

developments do not justify setting aside his knowing and voluntary waiver of his right to attack his sentence under § 2241. See United States v. Lockett, 406 F.3d 207, 214 (3d Cir. 2005) ("The possibility of a favorable change in the law occurring after a plea agreement is merely one of the risks that accompanies a guilty plea."); id. (concluding that the appellant "cannot now ask to re-bargain the waiver of his right to appeal because of changes in the law"); Sanford, 841 F.3d at 580 (explaining that the Second Circuit "has held that a defendant's inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver" (alteration in original) (internal quotation marks omitted)); see also Folk, 954 F.3d at 605 ("[A]n incorrect career-offender enhancement is not a fundamental defect inherently resulting in a complete miscarriage of justice."); United States v. Castro, 704 F.3d 125, 136 (3d Cir. 2013) ("Courts apply the miscarriage of justice exception sparingly and without undue generosity, but with the aim of avoiding manifest injustice." (internal quotation marks and citations omitted)).

In view of the above, we will affirm the MDPA's order dismissing Valentine's § 2241 petition.