**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2729
_____

KEENAN JOHNSON,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-16-cv-00416)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 15, 2020
_____

Before:  CHAGARES, FISHER, and PORTER, <u>Circuit</u> <u>Judges</u>

(Filed: June 25, 2020)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

In this motion brought under 28 U.S.C. § 2255, Keenan Johnson contends that the sentencing court erred in concluding that a prior state conviction made him subject to the career offender enhancement under the advisory Sentencing Guidelines. Because that determination, even if incorrect, is not cognizable as a § 2255 claim, we will affirm.

Because we write only for the parties, we assume familiarity with the facts and procedural history of the underlying criminal case and this § 2255 petition. In 2015, Johnson was convicted of conspiracy to possess with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(B), and was then sentenced as a career offender to 130 months of imprisonment. The sentencing court determined that Johnson was a career offender because the crime of conviction was a controlled substance offense subject to that enhancement and he "ha[d] at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The court concluded that Johnson had one prior conviction for a controlled substance offense and one prior conviction for a crime of violence. Johnson challenges that latter determination in this § 2255 petition. The District Court rejected that challenge and denied the petition, and this timely appeal followed.

According to Johnson, the sentencing court erred in its determination that his conviction for Terroristic Threats in the third degree, in violation of N.J. Stat. Ann.

§ 2C:12-3b, constituted a crime of violence.[1]  We do not reach this question, however, because as we have since held, such a claim is not cognizable under 28 U.S.C. § 2255.  See United States v. Folk, 954 F.3d 597, 600 (3d Cir. 2020) (affirming denial of § 2255 motion challenging sentence as "based on an incorrect career-offender designation under the advisory Sentencing Guidelines" because such a "claim is not cognizable under 28 U.S.C. § 2255").

As we held in Folk, "an incorrect career-offender enhancement under the advisory guidelines is not cognizable under § 2255 because it is not a fundamental defect that inherently results in a complete miscarriage of justice."  Id. at 604.  Johnson's claim presents no material differences that would lead to a different result here.  And because Johnson's "claim is not cognizable, we need not address whether his previous convictions are 'crimes of violence' under the career-offender Guideline."  Id. at 609.

For the foregoing reasons, we will affirm the District Court's denial of Johnson's § 2255 motion.

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 2255, and we have jurisdiction over this appeal under 28 U.S.C. §§ 1291, 2253(a), and 2255(d).  We review legal determinations de novo and factual findings for clear error.  United States v. Doe, 810 F.3d 132, 142 (3d Cir. 2015).