NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3563

_____

UNITED STATES OF AMERICA

v.

SHAWN CAVANAUGH,
a/k/a Shawn James Cavanaugh,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Criminal Action No. 3-17-cr-00203-002)
District Judge: Honorable Robert D. Mariani

_____

Submitted Under Third Circuit L.A.R. 109.2(a)
November 15, 2021

Before: AMBRO, JORDAN, and RENDELL, <u>Circuit Judges</u>

(Opinion filed: November 22, 2021)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, Circuit Judge

Shawn Cavanaugh appeals his conviction and sentence of 192 months' imprisonment for armed robbery. His counsel filed a motion to withdraw with accompanying brief under *Anders v. California*, 386 U.S. 738 (1967), contending the appeal raises only frivolous issues.[1] Though counsel's *Anders* brief is inadequate, we still grant his motion and affirm the District Court's judgment because the record, which includes Cavanaugh's more complete *pro se* notice of appeal, reveals no appealable issues of arguable merit.

In June 2017, Cavanaugh and an accomplice robbed a PNC Bank in Avoca, Pennsylvania. They concealed their faces and pointed what appeared to be firearms at bank employees. It was later determined these objects were not, in fact, firearms but pellet guns. The robbery netted approximately $2,610. Cavanaugh was subsequently arrested and pled guilty to armed bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d).

During sentencing, the District Court imposed two enhancements over Cavanaugh's objections: a career-offender enhancement based on his prior Pennsylvania state convictions for aggravated assault, robbery, and drug trafficking; and an enhancement for use of a dangerous weapon during the robbery. *See* U.S.S.G. § 4B1.1. This resulted in a range of 210 to 262 months' imprisonment under the Sentencing Guidelines. The Court then weighed the sentencing factors outlined in 18 U.S.C. § 3553(a) and determined that

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review over legal conclusions and review factual findings for clear error. *Simon v. Gov't of Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012).

2

Cavanaugh's past drug abuse, mental health issues, and difficult life history were mitigating factors. It ultimately sentenced him to 192 months' imprisonment, reflecting an 18-month downward variance below the range of the Sentencing Guidelines.

Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines endorsed by the Supreme Court in *Anders* to make sure indigent clients receive adequate representation. The rule lets trial counsel move to withdraw and file a supporting brief per *Anders* if persuaded on review of the trial court record "that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). If we agree on review that the appeal is without merit, we "will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.*

Our *Anders* inquiry is twofold: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Here, counsel did not meet the rule's requirements. Yet, after our own review, we conclude Cavanaugh's appeal raises no issue of even arguable merit. Thus, we affirm the District Court's judgment and allow counsel to withdraw.

The standard for an adequate *Anders* brief is not high. We find Rule 109.2(a)'s requirements fulfilled when "we are . . . satisfied that counsel adequately attempted to uncover the best arguments for his or her client." *Id.* But, at minimum, counsel must address all the appellant's *pro se* issues on appeal and show why they are "patently without merit." *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000).

3

Even judged against this modest standard, counsel's *Anders* brief is deficient. As a threshold matter, his brief does not cite *Anders* or any case articulating our Circuit's requirements for *Anders* briefs. Worse, he addresses only one of five issues raised in Cavanaugh's *pro se* notice of appeal: whether the District Court correctly designated Cavanaugh a career offender. Indeed, in failing to mention the four other arguments Cavanaugh advanced in his notice of appeal, counsel does not even comment on the guilty plea underlying Cavanaugh's conviction. *See, e.g.*, *United States v. Ibrahim*, 62 F.3d 72, 74 (2d Cir. 1995) ("*Anders* briefs in the future should always contain a discussion regarding a guilty plea."). Moreover, counsel provides incorrect reasoning for why the Court's career-offender designation was proper. He incorrectly premises that argument on *United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020), which held that an incorrect career-offender enhancement under the advisory Sentencing Guidelines is not a recognized claim. But *Folk* dealt explicitly with a collateral attack under 28 U.S.C. § 2255, and, as the Government correctly points out, a different standard applies on direct appeal. *See* 954 F.3d at 608 (comparing different standards for direct appeals and collateral attacks).

And "[w]hile the length of a brief does not necessarily determine the merit of its arguments, we do not believe that" counsel's three-page explanation of why the issues raised by Cavanaugh's appeal are frivolous reflects a thorough examination of the record. *Youla*, 241 F.3d at 300–01. By contrast, Cavanaugh submitted a ten-page *pro se* notice of appeal and, as noted, set out five issues for appeal. Given this disparity, counsel fails to "assure[] us that he has considered [all issues raised by his client] and found them

4

patently without merit." *Id.* at 301. We likewise note that frequent misspellings and grammatical errors compound our view that counsel's *Anders* brief lacks the thoroughness required for a "conscientious examination" of the record.[2] *See Anders*, 386 U.S. at 744. For these reasons, "[c]ounsel simply has not provided sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised." *Youla*, 241 F.3d at 301 (internal quotations omitted). We therefore reject his *Anders* brief as inadequate.

Yet even if an *Anders* brief is inadequate, we still may grant the *Anders* motion and dispose of the appeal if the issues an appellant raises are "patently frivolous." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009). In determining this, we need not conduct an independent and exhaustive search of the record. Instead, where appellant's *pro se* filings "explain[] the nature of the case and . . . discuss the issues that the type of case might be expected to involve . . . [,] we confine our scrutiny to . . . those issues raised in [a]ppellant's *pro se* brief." *Youla*, 241 F.3d at 301 (internal quotations omitted). We therefore look to Cavanaugh's *pro se* notice of appeal, which, we repeat, raises five issues and is styled as a brief. As we conclude each of these issues is "patently frivolous," we will grant counsel's *Anders* motion and dispose of the appeal despite counsel's dismal performance.

The major issue Cavanaugh raises on appeal is whether the District Court improperly applied the career-offender enhancement. To be classified as a career offender, a

---

[2] *See, e.g.*, *Anders* Br. at 6 ("Did the sentencing court erred [sic] in designating Mr. Cavanaugh a career offender . . . [?]").

5

defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). Cavanaugh had three such convictions: one for aggravated assault, one for robbery, and one for drug distribution. On appeal, he challenges the Court's determination that his aggravated assault and robbery convictions were crimes of violence under the Career Offender Guidelines.[3] Under the Sentencing Guidelines, a "crime of violence" is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that either

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, [(the "elements clause")] or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c) [(the "enumerated offenses clause")].

U.S.S.G. § 4B1.2(a). Contrary to Cavanaugh's contentions, our review of the record shows that his aggravated assault and robbery convictions qualify as crimes of violence.

We first consider Cavanaugh's conviction for aggravated assault under Pennsylvania's aggravated assault statute. 18 Pa. C.S. § 2702. We use the "categorical approach" to determine whether a prior conviction qualifies as a crime of violence under the "elements clause" of U.S.S.G. § 4B1.2(a)(1). *United States v. Ramos*, 892 F.3d 599, 606 (3d Cir. 2018). This approach "require[s] us to compare the elements of the statute

---

[3] Our review shows that the District Court correctly determined that Cavanaugh's prior Pennsylvania drug-trafficking conviction was a controlled substance offense under the Career Offender Guidelines. *See United States v. Glass*, 904 F.3d 319, 324 (3d Cir. 2018) (holding that Pennsylvania drug distribution in violation of 35 Pa. C.S. § 780-113(a)(30) qualifies as a controlled substance offense under Career Offender Guidelines). Cavanaugh does not challenge this determination.

under which the defendant was convicted to the [G]uidelines' definition of crime of violence." *Id*. (internal quotations omitted). In *Ramos*, we deemed Pennsylvania's aggravated assault statute divisible. 892 F.3d at 610. This permits district courts to apply the "modified categorical approach" and consult extra-statutory records, called *Shepard* documents, in deciding whether a prior conviction categorically qualifies as a crime of violence. *Id*. Such *Shepard* documents include "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). Our review reflects that the Court properly relied on *Ramos* to review these documents underlying Cavanaugh's aggravated assault conviction, which, in turn, revealed he was convicted under 18 Pa. C.S. § 2702(a)(4). As we have held that provision qualifies as a crime of violence under the Career Offender Guidelines, the Court correctly determined Cavanaugh's aggravated assault conviction so qualified. *Ramos*, 892 F.3d at 610-12.

We next consider his conviction under Pennsylvania's robbery statute, 18 Pa. C.S. § 3701. This statute is also divisible, justifying access to *Shepard* documents. *United States v. Peppers*, 899 F.3d 211, 232 (3d Cir. 2018). Our review reflects that the Court appropriately consulted those documents that underlie Cavanaugh's robbery conviction, which showed he was convicted for third-degree robbery in violation of 18 Pa. C.S. § 3701(a)(1)(v). As third-degree robbery in Pennsylvania requires the use of "force however slight," the Court determined Cavanaugh's conviction qualified as a crime of violence. We agree. *See United States v. Graves*, 877 F.3d 494, 504 (3d Cir. 2017)

7

(holding North Carolina robbery statute requiring *de minimis* use of force was a crime of violence under the Career Offender Guidelines).  Therefore, as Cavanaugh's prior convictions for aggravated assault, robbery, and drug-trafficking qualify as predicate offenses under the Career Offender Guidelines, we conclude the Court correctly designated him a career offender.

Cavanaugh also challenges the sufficiency of his indictment, contending it did "not provide adequate notice of the precise nature of the charges sufficient to permit [him] to prepare a defense."  App. at 85.  We find this argument unavailing.  An indictment is sufficient if it (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).  Cavanaugh's indictment satisfies this standard because it identifies the time, date, place, alleged acts, relevant statutory elements, and parties involved in the charged crime.

Cavanaugh next contends his sentence was enhanced past the statutory maximum, purportedly in violation of *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  But these cases stand for the proposition that "facts that increase" the maximum statutory penalty are elements of the crime that must be found by juries, not judges, and are therefore irrelevant.  *Alleyne*, 570 U.S. at 100; *Apprendi*, 530 U.S. at 490.  Although Cavanaugh's offense level was subject to a four-level enhancement for using a dangerous weapon, that enhancement produced a

8

maximum Guidelines sentence of 262 months, far below the statutory maximum of 300 months for armed bank robbery.  18 U.S.C. § 2113(d).

In addition, Cavanaugh claims his indictment and conviction constituted double jeopardy, that he was illegally charged under 18 U.S.C. §§ 2113(a) & (d), and that his sentence for committing armed bank robbery in violation of § 2113(d) is unlawful because he pled guilty only to simple bank robbery under § 2113(a).  But our review of the record shows Cavanaugh knowingly and intelligently pled guilty to armed bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d).  And contrary to Cavanaugh's assertions, he was not indicted and convicted for two separate, overlapping offenses. Armed bank robbery, rather, is an enhanced form of simple bank robbery, and not a distinct offense, as shown by the statutory text of § 2113(d), which does not establish an offense without reference to § 2113(a).  These contentions thus lack plausible merit.

Finally, Cavanaugh argues the Court's sentence was substantively unreasonable because it failed to account for his struggles with drug addiction and mental illness.  The record belies this argument.  "In order for a sentence to be reasonable, the record must demonstrate that the sentencing court gave meaningful consideration to [the § 3553(a)] factors." *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007) (internal quotations omitted).  But "[t]he court need not . . . discuss a defendant's clearly nonmeritorious arguments, or otherwise discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Id*. (internal quotations omitted).  Our review shows the Court considered Cavanaugh's personal history, including his history of drug addiction and mental illness, when weighing the

9

relevant § 3553(a) factors.  It further reveals the Court granted an 18-month downward variance from the recommended range under the Sentencing Guidelines, accounting, in part, for these very struggles.  We thus conclude the Court's sentence was reasonable. *See Bungar*, 478 F.3d at 546 (defendant's disagreement with district court's weighing of mitigating factors does not make sentence unreasonable).

*       *       *       *       *

Accordingly, we affirm the District Court's judgment and sentence and grant counsel's motion to withdraw under *Anders*.