**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3833
_____

UNITED STATES OF AMERICA

v.

EVENS CLAUDE,
a/k/a E,
a/k/a SHAWN MIRANDA

Evens Claude,
     Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:12-cr-00033-001)
District Judge: Hon. Jan E. DuBois
_____

Submitted Under Third Circuit LAR 34.1(a)
March 18, 2016
_____

Before: CHAGARES, RESTREPO, and VAN ANTWERPEN, *Circuit Judges*.

(Filed: March 31, 2016)
_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*.

_____

 [*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

A jury convicted Evens Claude of conspiracy, bank fraud, access device fraud, aggravated identify theft, uttering counterfeit currency, and aiding and abetting. He was sentenced to 232 months in prison. Claude timely appealed his sentence. We will affirm.

I

Claude's conviction stems from his role in an identity theft ring, through which he and his accomplices stole personal information from victims and used that information to access the victims' bank accounts and to open credit accounts and purchase goods in the victims' names. He was also convicted of crimes arising out of his involvement in a scheme to purchase goods using counterfeit currency.

At sentencing Claude represented himself *pro se*, with the assistance of standby counsel. After a three-day hearing, at which the District Court heard testimony and entertained argument from both Claude and his standby counsel, the District Court sentenced Claude to 232 months in prison, 5 years supervised release, restitution of $298,853, and a special assessment of $2,000. Claude's effective Sentencing Guidelines range was 192 to 402 months, based on his criminal history category of IV and total offense level of 32.

On appeal Claude argues that the District Court made two procedural errors in sentencing him. First, Claude contends that the District Court failed to rule on his motion for a downward variance based on his testimony for the Commonwealth of Pennsylvania in an unrelated trial. Second, Claude argues that the District Court failed to consider properly, and failed to rule on, his motion for a downward variance to avoid unwarranted sentencing disparities between similarly situated defendants.

## II[1]

The record of a district court must make clear that the court gave meaningful consideration to the parties' arguments and had a reasoned basis for the sentence imposed. *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012). "[I]f a party raises a colorable argument about the applicability of one of the [18 U.S.C.] § 3553(a) factors, the district court may not ignore it." *Id.* (quotation marks omitted). However, "[t]he district court need not raise every conceivable issue on its own initiative or even make explicit findings as to each sentencing factor if the record makes clear that the court took all the factors into account." *Id.* Where a defendant's argument for a below Guidelines sentence is "conceptually simple," and it is clear from the record that the district court considered the relevant evidence and arguments, the sentencing judge is not required to provide an extensive explanation when denying the motion and sentencing within the Guidelines. *Rita v. United States*, 551 U.S. 338, 356-59 (2007).

Under our decision in *United States v. Flores-Mejia*, 759 F.3d 253 (3d Cir. 2014) (*en banc*), in order to preserve the issue for appeal, a party objecting to the procedural unreasonableness of a sentence, as here, must object after the sentence is imposed at a time when the district court still has an opportunity to correct the alleged error. *Id.* at 255-56. If such an objection is timely made, we review for abuse of discretion. *Id.* at 259.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

3

Despite failing to preserve his claims in the District Court, Claude argues that his objections are entitled to an abuse of discretion review because he was representing himself *pro se* and *Flores-Mejia* was decided only six weeks before his sentencing hearing. *See* Br. of Appellant at 7-9. We disagree. After imposing his sentence, the District Court made a detailed inquiry into whether Claude harbored any procedural objections. *See* Tr. of Sent'g Hr'g at 169-72 (Aug. 29, 2014).[2] Under the circumstances presented in this case, our application of the *Flores-Mejia* rule does not demand the sort of flexibility that is sometimes given *pro se* litigants in other contexts. *Cf. Houston v. Lack*, 487 U.S. 266, 275 (1988) (*pro se* prisoners are deemed to have filed a notice of appeal when they deliver it to prison authorities because after that point they lose control of the notice and cannot monitor its timely processing); *Tabron v. Grace*, 6 F.3d 147, 153-54 n.2 (3d Cir. 1993) (permitting appellate review of waived objection to denial of request for counsel, because standard for appointment of counsel was unclear and appellant argued his lack of counsel was intertwined with his challenge to grant of summary judgment). Our review of the sentencing transcript in this case leads us to conclude that Claude understood his obligations under *Flores-Mejia*, and he is bound by its tenets. *See* Tr. of Sent'g Hr'g at 169-72; *Flores-Mejia*, 759 F.3d at 256-57.

We may correct unpreserved objections to procedural errors at our discretion, but only where the error is "plain" and it affects the defendant's "substantial rights." *Puckett*

___

[2] The transcript of the sentencing hearing in this case is under seal. Because we write primarily for the benefit of the parties, and they have access to the sealed transcript, we will cite to the portions of the sealed transcript that support our decision in lieu of quoting from or paraphrasing it.

*v. United States*, 556 U.S. 129, 135 (2009); *see* Fed. R. Crim. P. 52(b). An error is "plain" if it is "clear or obvious." *Id.* An effect on "substantial rights" ordinarily means prejudice, or that the error "affected the outcome of the district court proceedings." *Id.* The burden is on the defendant to prove prejudice. *Id.* at 141; *see* Fed. R. Crim. P. 52(b). Because Claude failed to preserve his objections, we will review his sentence for plain error.

III

Claude moved for a downward variance based on his testimony for the Commonwealth of Pennsylvania in an unrelated case. He now argues that the District Court "failed to rule" on his motion because the District Court "never indicated whether it was granting or denying" the variance. Br. of Appellant at 14. Our review of the record belies Claude's position. After denying Claude's motion for a downward departure based on his testimony for the Commonwealth, the District Court understood it could consider the same testimony in deciding whether to vary downward. *See* Tr. of Sent'g Hr. at 78-79, 102-06. And in fact, the District Court did consider and rule on Claude's motion. *See* Tr. of Sent'g Hr'g at 102-06, 150, 154-55. The District Court had a reasoned basis for the sentence imposed and we find no procedural error. *See id.*; *United States v. Jones*, 740 F.3d 127, 145 (3d Cir.) ("District Court's thorough questioning and thoughtful discussion at sentencing refutes any contention that it somehow ignored defense counsel's argument"), *cert. denied*, 134 S. Ct. 2319 (2014).

Next, Claude argues that the District Court failed to consider properly, and failed to rule on, his motion for a downward variance based on the need to avoid unwarranted

sentencing disparities. *See* Br. of Appellant at 17-21. We find these arguments to be without merit. To the extent Claude even made a colorable argument, the record evidences that the District Court gave sufficient and proper consideration to the issues. *See* Tr. of Sent'g Hr'g at 105-07; 18 U.S.C. § 3553(a)(6) (permitting sentencing court to consider sentencing disparities among defendants with "similar records" who were found guilty of "similar conduct"); *United States v. Vargas*, 477 F.3d 94, 100 (3d Cir. 2007) (holding defendant bears burden of proving that circumstances of the purportedly similar defendants "exactly paralleled" defendant's circumstances and "court should not consider sentences imposed on defendants in other cases in the absence of such a showing").

In sum, the District Court did not commit plain error in its consideration of, or response to, Claude's arguments or requests for downward variances under § 3553(a). *See Puckett*, 556 U.S. at 135.[3, 4]

IV

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

---

[3] Claude did not argue in his Brief that he suffered any prejudice as a result of the District Court's conduct.

[4] We further observe that even if the abuse of discretion standard were to apply to this appeal, which it does not, Claude has failed to demonstrate that the District Court abused its discretion. *See* Br. of Appellant at 12-21; Tr. of Sent'g Hr'g at 149-57; *United States v. Tomko*, 562 F.3d 558, 568-69 (3d Cir. 2009) (*en banc*).