**DLD-004** <span style="float:right">**NOT PRECEDENTIAL**</span>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1634
_____

UNITED STATES OF AMERICA

v.

EVENS CLAUDE
a/k/a E
a/k/a Shawn Miranda,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:12-cr-00033-001)
District Judge:  Honorable Nitza I. Quiñones Alejandro

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

October 2, 2025

Before: RESTREPO, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed October 14, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In 2013, after a jury trial in the United States District Court for the Eastern District of Pennsylvania, Evens Claude was convicted of over 20 counts relating to bank and access-device fraud, aggravated identity theft, and counterfeiting.  The District Court sentenced him to 232 months in prison plus five years of supervised release.[1]  Forty months of his sentence stemmed from his having committed certain offenses while on pretrial release.  See Judgment, Dkt. No. 353 (citing, inter alia, 18 U.S.C. § 3147).

Claude has since filed several motions under 18 U.S.C. § 3582(c) to modify his term of imprisonment.  In his most recent § 3582(c) motion, he sought relief from his sentence on three bases: (1) the retroactive application of the rule of United States v. Banks, 55 F.4th 246 (3d Cir. 2022)[2]; (2) inadequate and delayed treatment for his legal

---

[1] Claude's efforts to obtain relief from his judgment on direct appeal and through 28 U.S.C. § 2255 have been unsuccessful.  See United States v. Claude, 645 F. App'x 207 (3d Cir. 2016); United States v. Claude, C.A. No. 20-2741, order entered Feb. 1, 2021; see also United States v. Claude, C.A. No.  23-1296, order entered July 19, 2023.

[2] In Banks, we held that only actual, not intended, loss of a victim (or victims) may be considered in applying the graduated scale of § 2B1.1 of the Sentencing Guidelines to determine the appropriate enhancement based on the monetary amount of loss caused by fraud, theft, and other economic crimes.  See 55 F.4th at 256-58.  Claude asserts that his holding applies to him through U.S.S.G. § 1B1.13(b)(6), which was adopted in November 2023, and provides that "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."

blindness and extreme dry eyes; and (3) the retroactive application of Amendment 821 to the Sentencing Guidelines.[3] The Government opposed the motion on the first two grounds but conceded that Claude was entitled to a reduction of his sentence to 215 months under Amendment 821.

The District Court granted the motion in part, resentencing Claude to 215 months in prison plus five years of supervised release based on the retroactive application of Amendment 821. The District Court otherwise denied the motion. Claude filed a timely notice of appeal. The Government asks us to summarily affirm the District Court's judgment.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a District Court's interpretation of the Sentencing Guidelines and review a decision to grant or deny a § 3582(c) motion for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009); see also United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "An abuse of discretion exists when the decision rests on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Hope v. Warden York Cnty. Prison, 972 F.3d 310, 320 (3d Cir. 2020) (citation and quotation marks omitted).

---

[3] Amendment 821 authorizes an offense-level reduction for certain zero-point offenders. See U.S.S.G. § 4C1.1.

Upon review, we will summarily affirm the District Court's ruling because no substantial issue is raised on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Claude challenges several aspects of the District Court's decision.[4] As for the retroactive application of Banks, we do not reach whether U.S.S.G. § 1B1.13(b)(6) is valid. See, e.g., United States v. Bricker, 135 F.4th 427, 444 (6th Cir. 2025) (considering the validity of the provision). Nor do we determine whether Claude can otherwise make an argument under Banks in his § 3582(c) motion. See Fernandez v. United States, 145 S. Ct. 2731 (2025) (Mem.) (granting a petition for a writ of certiorari on the question whether a basis for a discretionary sentence reduction under § 3582(c)(1)(A) can be the same as grounds for vacatur of a sentence under 28 U.S.C. § 2255).[5] It suffices to say that even if the District Court could entertain Claude's claim, Claude was not entitled to relief based on his argument that the District Court improperly included intended loss to determine his Guideline level.

As the District Court explained, the enhancement that Claude received is one corresponding to the amount of the actual loss ($609,210.30) calculated in his Presentence Report. The loss amount did not include any intended loss. Claude asserts

---

[4] We consider Claude's brief and his response to the Government's motion as documents in support of his appeal.

[5] We also express no opinion on whether the claim could be brought under § 2255. See United States v. Folk, 954 F.3d 597, 601 (3d Cir. 2020) (discussing what kinds of claims can and cannot be brought pursuant to § 2255).

that the District Court ignored footnote seven in the Presentence Report, which suggests to the contrary. We do not disagree that footnote seven, if it is read in isolation, is ambiguous as to the nature of a portion of the loss ($144,331). However, when the footnote is read in conjunction with the list of calculated losses that it appends and the paragraph in the Presentence Report to which it refers, its meaning is clear. The entirety of the $144,331 is actual loss.

Next, we cannot say that the District Court abused its discretion in declining to grant relief related to Claude's claim of inadequate and delayed medical treatment. The District Court's assessment of the evidence, namely Claude's medical records, was not clearly erroneous. The records provided a basis for the District Court to conclude that, given the medical treatment provided and offered, Claude had not met his burden to show an "extraordinary and compelling" reason for his compassionate release under § 3582(c)(1)(A)(i).

Claude asserts that the District Court did not appreciate the gravity of the lengthy (over-four-year) delay in his receiving corrective contact lenses, explaining that he needs to wear them to take care of himself. And he argues that the District Court should not have found significant the fact that Claude had turned down treatments for his dry-eye condition, stating that those treatments had been ineffective in the past and would have been a waste of time. But, regardless of the significant delay[6] and the reasons why

---

[6] He has since been provided with new contact lenses.

Claude declined some treatments, the records of the provision of medical treatment, viewed in the context of this case and Claude's medical circumstances, still provided a sufficient basis for the District Court's ruling.[7]

Claude also objects to the sentence reduction he received pursuant to the retroactive application of Amendment 821. He argues that the District Court should not have reimposed the adjustment for his having committed certain offenses while on pretrial release and should have instead sentenced him to 167 months in prison.[8] But a resentencing in a § 3582(c) proceeding is not the imposition of "a new sentence in the usual sense." See Dillon v. United States, 560 U.S. 817, 827 (2010). The District Court was tasked with determining the amended Guideline range that would have been applicable to Claude had Amendment 821 been in effect when he was initially sentenced. See id. In making that determination, the District Court could only substitute Amendment 821 and was required to leave all other Guideline application decisions

---

[7] Claude argues that the District Court should have considered his Banks argument in combination with his argument relating to his medical conditions. But, as we explained, his Banks argument could not move the needle on the scale weighing whether he demonstrated extraordinary and compelling reasons for release.

[8] The Government argues that Claude presents a § 2255 claim that cannot be considered in this appeal of a ruling in a § 3582(c) proceedings. However, we can consider Claude's challenge to his modified criminal judgment. See, e.g., United States v. Dillon, 572 F.3d 146 (3d Cir. 2009); see also United States v. Styer, 573 F.3d 151, 154-55 (3d Cir. 2009) (explaining that we review the sentence resulting from a modification under § 3582(c) for reasonableness).

unaffected.  See id.; see also U.S.S.G. § 1B1.10(b)(1) & (d).  Additionally, the District Court could not reduce Claude's term of imprisonment to below the minimum guideline range produced by the substitution.  See Dillon, 560 U.S. at 827.

The District Court followed the procedure outlined in Dillon, lowering Claude's criminal history score by two points, placing him in Criminal History Category III, and using that category in conjunction with Claude's total offense level of 32 (which included the adjustment for the offenses committed while on release) to identify the new advisory guideline range.  The District Court then imposed a new sentence using the minimum from that range plus the mandatory 64 months of additional consecutive sentences imposed at the original sentencing.  We discern no error in the District Court's decision to include the challenged adjustment that was imposed in the original sentencing procedure.

For these reasons, we grant the Government's motion, and we will affirm the District Court's judgment.